# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    -*against*-

JACOB DELANEY,

                                                             *Defendant.*

**REPLY BRIEF**

                                                 O'CONNELL AND ARONOWITZ
                                                 *Attorneys for Defendant*
                                                 54 State Street
                                                 Albany NY  12207-2501
                                                 (518) 462-5601

SCOTT W. ISEMAN, ESQ.
  *Of Counsel*

Dated: March 5, 2021

{O0779842.4}

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ................................................................................................ ii

**INTRODUCTION** ..................................................................................................................1

**ARGUMENT** ...........................................................................................................................1

    I.    The totality of the circumstances does not support probable cause ....................... 1

    II.    The Government disregards the importance of *Raymonda* ..................................... 3

    III.    The Government improperly relies on *United States v. Sanders* ............................. 5

    IV.    The Government is not entitled to the good faith exception ................................. 6

**CONCLUSION** ........................................................................................................................8

# TABLE OF AUTHORITIES

Page

## Federal Cases

*United States v. Clark*,
　638 F.3d 89 (2d Cir. 2011) ............................................................................................. 6

*United States v. Falso*,
　544 F.3d 110 (2d Cir. 2008) ........................................................................................ 3, 6

*United States v. Hay*,
　231 F. 3d 630 (9th Cir. 2000) ...................................................................................... 4, 5

*United States v. Martin*,
　426 F.3d 68 (2d Cir. 2005) .......................................................................................... 3, 5

*United States v. Raymonda*,
　780 F.3d 105 (2d Cir. 2015) ..................................................................................... 3, 5, 6

*United States v. Reilly*,
　76 F.3d 1271 (2d Cir.),
　*on reh'g*, 91 F.3d 331 (2d Cir. 1996) ............................................................................. 7

*United States v. Seiver*,
　692 F.3d 774 (7th Cir. 2012) ....................................................................................... 4, 5

*United States v. Vosburgh*,
　602 F.3d 512 (3d Cir. 2010) ........................................................................................ 4, 5

**INTRODUCTION**

The Defendant offers this memorandum of law in Reply to the Government's Response Brief in Opposition to the Defendant's Motion to Suppress. All references to Exhibits refer to the exhibits in Defendant's main motion.

**ARGUMENT**

**I.      The totality of the circumstances does not support probable cause**

The Government's response does nothing to solve the following threshold deficiency in SA Fallon's warrant application: that based on SA Fallon's own representations, the Government is only guessing whether ████████████████ ████████████████

████████████████████████████████████████████████████████

████████████████████████████. SA Fallon created this issue by affirming that:

- ████████████████████████████████████████

████████████████ *See* Ex. E to Iseman Dec. at ¶ 19. (under seal) (emphasis supplied).

- ████████████████████████████████████████

████████████████ *Id.* at ¶ 11. (emphasis supplied).

- ████████████████████████████████████████

████████████████████████████████████ *Id.* at ¶ 8. (emphasis supplied).

Neither the FLA, SA Fallon's application, nor the Government's response clarify the central issue in this case: How does the Government establish that the ████████████████████ ████████████████████

The Government does not describe any method for actually ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Gov. Opp. Brief at 11). Based on SA Fallon's representations, however, the FLA's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

(*Cf Id.* with Ex. "E" to Iseman Dec. at ¶¶ 8 and 21; *See also* Ex. "D" to Iseman Dec. at 3 "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."). This is conjecture, not a reasonable inference from the totality of the circumstances provided to the reviewing Magistrate.

Quite the opposite, since the **only** information the Government provides about how IP addresses operating on Tor browsers can be tracked is that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (Ex. "E" to Iseman Dec. at ¶ 8), the totality of the circumstances requires the conclusion that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (emphasis supplied). The Government should not be able to ignore the significance of its own sworn statements by relying on a hopeful train of inferences and imputed knowledge that directly contradicts what its own agent affirms under oath. It is obvious based on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that more investigation was required by the Government to determine whether the Defendant's IP address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

The ability to pursue such corroborative investigative information was available to the Government since the referral to the Albany Field Office included an application for a ███████████████████████████████████████████████████████████████████████ ████████████████████████████ *See* Ex. "D" to Iseman Dec. (under seal). The Government's response makes no mention of why it did not ████████████████.

Relatedly, the Government relies heavily on the █████████████████████ █████████████████████████████████████████████████████████████ as evidence of the target user's predisposition to collect child pornography. Gov. Opp. Brief at 4-5, 9-10, 13-14. In short, the Government argues that █████████████████████████ ████████████████. *Id*. at 13. But this point is also directly undermined by SA Fallon's own claims since ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ *Id*. As a result, ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Ex. "E" to Iseman Dec. at ¶ 11. The Government cannot escape this reality.

**II.     The Government disregards the importance of *Raymonda***

The Government makes no effort to distinguish this matter from *Raymonda* because it cannot.[1] *United States v. Raymonda*, 780 F.3d 105 (2d Cir. 2015). *Raymonda* requires in cases

---

[1] Notably, while the Government represents (without transcript, Affidavit or Declaration) █████████ ████████████████████████████████. *See* Gov. Opp. Brief at 17, Note 8.

where a warrant application alleges only one, months old, point of access to a site affiliated with child pornography, that more is needed to establish probable cause than a single instance of access to a contraband site. *Id*. at 115 (more is needed since "such circumstances tend to negate the possibility that a suspect's brush with child pornography was a purely negligent or inadvertent encounter, the residue of which was long ago expunged."). What qualified as "more" is not elusive. As described below, in each of the cases cited by the Second Circuit as examples of where additional evidence was found to overcome staleness and sufficiency concerns, the search warrant affidavits provided evidence of specific **additional affirmative acts** beyond accessing the suspect site. *Id*. For example, in *United States v. Vosburgh*, the affidavit established the suspect accessed a contraband site and attempted to download a contraband video three separate times. 602 F.3d 512, 518 (3d Cir. 2010). In *United States v. Hay*, the affidavit contained evidence that 19 contraband files were separately downloaded. 231 F. 3d 630, 634 (9th Cir. 2000). Finally, in *United States v. Seiver*, the affidavit contained evidence that the suspect both downloaded a contraband video and uploaded multiple contraband images to the site. 692 F.3d 774. 775-77 (7th Cir. 2012). The affidavit here contains no similar affirmative acts or even an act.

It is also noteworthy that the search warrant affidavit in *Raymonda* contained substantially more allegations of affirmative conduct by the suspect including a claim that the suspect accessed 76 separate images and "'more than one incidence of access of thumbnail [contraband] images by the user'". *Id*. at 110. While the agent's representations of affirmative conduct by the suspect were largely discredited (*Id*. at 111-12) the Government does not even try to make similar representations here about █████████████████████████████████. The Government cannot do so here because it has no such evidence.

{O0779842.4}                                                      4

At the same time, the Government overstates the import of *United States v. Martin*, 426 F. 3d 68 (2d Cir. 2005).[2] *Martin* turned on the suspect's deliberate registration for membership in an internet group devoted to the distribution of child pornography. *Martin*, 426 F.3d at 73. This was an affirmative act that showed a demonstrable interest in child pornography. While SA Fallon ▌

Even if it is accepted that ▌

▌. The Government needed to establish like in *Vosburgh*, *Hay*, and *Seiver*, *supra,* some evidence that the target user took affirmative action related to the contraband. But here there is ▌

▌. *Raymonda*, 780 F.3d at 115. Since the warrant application fails to do so here, it fails to establish probable cause under clearly established Second Circuit law.

### III. The Government improperly relies on *United States v. Sanders*

The Government relies heavily on *United States v. Sanders* and this reliance is improper since the underlying facts of the case are largely sealed at the Government's request. 1:20-cr-00143 (TSE) (Dkt. No. 122). While the decision itself is largely unredacted, the search warrant

---

[2] It should also be noted that *Martin* is on best, shaky ground. In *United States v. Coreas,* 419 F.3d 151 (2d Cir. 2005), a different Second Circuit panel expressed that *Martin* was wrongly decided but yielded to it because it was heard first.

application and other relevant materials related to it are sealed. (*see* Dkt. No. 28, Protective Order).[3] As a result, the Defendant has no way to compare and contrast SA Fallon's application with the sufficiency of the warrant application in *Sanders*. The Government is the only entity in a position to makes these comparisons and appreciate their application to this case.[4]

From what can be gleaned from the publicly available information in *Sanders*, it appears that the Defendant there did not make a similar factual deficiency argument related ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as is made here. What other distinctions may exist are speculative. As a result, the Court should disregard this portion of the Government's argument.

### IV. The Government is not entitled to the good faith exception

*Raymonda* and *Falso* control the probable cause analysis for this matter and these decisions have been well established for years prior to the warrant application here. The existence of a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ do not sufficiently distinguish this matter from *Raymonda* and *Falso* such that the Government gets a constitutional pass – particularly when the applying agent's representations actively contradict his own conclusions about there being a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *United States v. Clark*, 638 F.3d 89, 105 (2d Cir. 2011) (law enforcement cannot "claim reasonable reliance on warrants secured in the absence of compliance" with clearly established law).

---

[3] Notably defense counsel in *Sanders* attempted to modify the protective order to permit sharing of the search warrant and other related materials with other defense counsel involved in the same investigation. *Sanders*, Dkt. No. 229. The Court denied that motion. (*Id*. Dkt. No. 257)

[4] Defense counsel conferred with the Government Counsel on this issue by phone and email and requested that the Government withdraw its arguments on *Sanders* or take the steps necessary to unseal the underlying exhibits to afford the defense an opportunity to fully compare the facts underlying the court's decision. After considering the Defense's request, the Government refused. The Defendant acknowledges that Government Counsel on this matter does not have personal knowledge or access to any additional information in *Silver* than the Defense. Nonetheless, the United States Government does.

{O0779842.4}                                        6

Similarly, the Defendant agrees that a *Franks* hearing is not necessary as there is no issue of fact that needs resolution or amplification from an evidentiary hearing. The Defendant is not and has not made any claim that SA Fallon **intentionally** mislead the court, only that he was reckless in his application by ignoring well established controlling law as described above and not including anywhere near the facts necessary to establish probable cause. Relatedly, the Government is not entitled to the good faith exception when it does not share all "potentially adverse information" to the reviewing Magistrate. *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir.), *on reh'g*, 91 F.3d 331 (2d Cir. 1996). Here, the Government failed to disclose that ▌ ▌▌▌▌▌ about the Defendant. Ex. "D" to Iseman Dec. at pg. 4-5. Since none of this information (which is adverse to the SA Fallon's representation ▌▌▌) was made known to the court, the Government does not get the benefit of the good faith exception.

## **CONCLUSION**

For the above reasons, the Defendant respectfully requests that the Court suppress all evidence seized during the search of the Defendant's apartment and any statement made by Defendant to law enforcement on December 12, 2019.

Dated:  Albany, New York
       March 5, 2021            O'CONNELL & ARONOWITZ P.C.

                                         By:   _____
                                                  Scott W. Iseman Esq.
                                                  Attorney for Plaintiff
                                                  Bar Roll No.:  518859
                                                  54 State Street, 9th Floor
                                                  Albany, NY 12207
                                                  (518) 462-5601
                                                  siseman@oalaw.com