IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

************************************  Case No.   20-CR-00335 (TJM)

UNITED STATES OF AMERICA

                                               GOVERNMENT'S SENTENCING
                                               MEMORANDUM

v.

JACOB DELANEY,

       Defendant.

**********************************

    The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced to concurrent terms of imprisonment within the advisory guideline range of 121 to 151 months, and be placed on concurrent terms of supervised release for at least twenty years.

**I**

**INTRODUCTION**

    On October 13, 2021, pursuant to a written conditional plea agreement, the defendant entered guilty pleas to Counts 1, 2, 3 & 4 of Indictment (20-CR-00335), in violation of 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5)(B) (receipt of child pornography (count 1) and possession of child pornography (counts 2-4), respectively).   The defendant is scheduled to be sentenced on May 12, 2022.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1. Statutory Minimum and Maximum Sentences**

The defendant's conviction for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), subjects the defendant to a statutory minimum term of imprisonment of five years and a statutory maximum term of twenty years, *see* 18 U.S.C. § 2252A(b)(1); a minimum term of supervised release of five years and a maximum term of life, *see* 18 U.S.C. § 3583(k); and a fine of $250,000, s*ee* 18 U.S.C. § 3571.  The defendant's convictions for possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), subjects the defendant to a statutory maximum term of imprisonment of twenty years per count of conviction, *see* 18 U.S.C. § 2252A(b)(2); a minimum term of supervised release of five years and a maximum term of life per count of conviction, *see* 18 U.S.C. § 3583(k); and a fine of $250,000 per count of conviction, *see* 18 U.S.C. § 3571.

**2. Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Indictment, pursuant to 18 U.S.C. § 2253.   These items include:

    a.  A Dell Laptop computer bearing serial number FN47R32;

    b.  A Samsung SSD bearing serial number S1D2NYAG403787;

    c.  A KESU 120GB hard drive; and

    d.  A SanDisk Cruzer flash drive bearing number BL1102OHYB.

### 3. Restitution

To the extent that the victims depicted in the image and video files involved in the defendant's offenses may request restitution, they are entitled to recover from him "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, 572 U.S. 434, 458-59 (2014). Once a court makes a causal determination, the court must "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B); *United States v. Block*, 2020 U.S. Dist. LEXIS 48654 at *2 (Dist. Court. S.D., Mar. 20, 2020). Moreover, pursuant to his plea agreement, the defendant consented to restitution pursuant to 18 U.S.C. § 2259(b).

The "full amount of victims' losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victims, as a proximate result of the offense involving the victims, including: medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victims. 18 U.S.C. § 2259(c)(2)(A)-(F).

The minors depicted in the images and videos involved in the defendant's offenses are victims of his crimes.  Restitution to the victims is mandatory, and the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.   18 U.S.C. § § 2259(b)(3) and (c).

The defendant is responsible for restitution in "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be calculated by the Court to be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline*, 572 U.S. at 458-59. As of the date of the filing of this sentencing memorandum, the below victims have filed requests for restitution.  The parties are in the process of determining whether there is an amount of restitution that can be agreed upon to satisfy the restitution claims.  Should negotiations fail, the government will brief the issue of restitution and what amounts should be awarded to the victims as a result of the defendant's offenses.

| Victim | Date of Request | Restitution Amount Sought | Settlement |
| --- | --- | --- | --- |
| "RapJerseys" / "Kauzie" | January 5, 2022 | $5,000.00 | N/A |
| "Rap72" / "Jack" | January 5, 2022 | $5,000.00 | N/A |
| "RapCK" / "Ryan" | January 5, 2022 | $5,000.00 | N/A |
| "J_blonde" / "Solomon" | January 12, 2022 | $9,000.00 | N/A |

4.  **Special Assessments**

For Counts 1 through 4 a special assessment of $100 is mandatory for each count of conviction, for a total of $400.   18 U.S.C. § 3013.   The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015.   In addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324).   18 U.S.C. § 3014.

5.  **Guidelines Provisions**

   a.  **Offense Level**

Under the federal sentencing guidelines, the base offense level for the defendant's conviction for the receipt of child pornography is 22.   PSR ¶ 22, *see* U.S.S.G. § 2G2.2(a)(2).[1] That level should be increased by thirteen levels as a result of the following Chapter Two "specific offense characteristics:" the images seized contained prepubescent minors or minors under the age of twelve (two levels) PSR ¶ 25, *see* U.S.S.G. § 2G2.2(b)(2); the offenses involved material that portrays sadistic conduct or depictions of violence (four levels) PSR ¶ 26, *see* U.S.S.G. § 2G2.2(b)(4); the offense involved the use of a computer (two levels) PSR ¶ 27, *see* U.S.S.G. § 2G2.2(b)(6); and the offense involved 600 or more images (five levels) PSR ¶ 28, *see* U.S.S.G. § 2G2.2(b)(7)(D).

   b.  **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for

---

1  The defendant's convictions for possessing child pornography (Counts 2-4) group with Count 1 for guideline calculation purposes.   U.S.S.G. § 3D1.2(b).

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

   c. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is one.   The government agrees with the Probation Office's determination of the defendant's criminal history category.

   d. **Guidelines Range and Sentence**

As described above, the total offense level for the counts of conviction is 32, and the criminal history category is one.   This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of imprisonment between 121 and 151 months. The guidelines also call for a term of supervised release between five years and life, and a fine of $35,000 to $350,000.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to concurrent terms of imprisonment between 121 and 151 months and impose concurrent terms of supervised release of at least twenty years.   The sentence

that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2) for the following reasons. First, the defendant's conduct is very serious and involved trafficking in files which contain children being exploited in multiple, horrific ways. PSR ¶ 5. Second, the defendant has admitted that for several months he used the Internet to search for, and download, thousands of sexually explicit images and videos of child pornography. PSR ¶¶ 5, 18. Third, the defendant's trafficking activities have undoubtedly caused psychological pain to the victims who are depicted in the child pornography files that the defendant received and possessed.

## CONCLUSION

For all of the reasons set forth above, the Government maintains that a guideline sentence is the outcome warranted by the defendant's crimes. Such a sentence is not greater than necessary, and is sufficient to comply with and accomplish the many goals of sentencing. 18 U.S.C. § 3553(a).

Respectfully submitted this 25th day of April, 2022,

                                              CARLA B. FREEDMAN
                                              United States Attorney

By:        *Richard D. Belliss*
               Richard D. Belliss
               Assistant United States Attorney
               Bar Roll No. 515295